WILLIAMS et ux. v. McLEROY et al.

(Court of Civil Appeals of Texas. March 2, 1911.)

BOUNDARIES (§ 3*)—SURVEYS—CALLS.

A survey takes its position on the ground according to its own field notes, uncontrolled by calls in the field notes of junior adjacent surveys.

[Ed. Note.—For other cases, see Boundaries, Cent. Dig. §§ 3–41; Dec. Dig. § 3.*]

Appeal from District Court, Panola County; W. C. Buford, Judge.

Action by N. C. Williams and wife against J. H. McLeroy and another. Judgment for defendants, and plaintiffs appeal. Affirmed.

H. N. Nelson, for appellants. R. W. Priest and W. R. Anderson, for appellees.

WILLSON, C. J. As commenced by appellants, plaintiffs below, the suit was against J. H. McLeroy and J. F. Wolf, appellees, to try the title to a parcel of land described as a part of the Wm. McFadden survey, in Shelby county, and described also by its metes and bounds. By agreement of the parties, however, it was treated and tried as a suit to establish the boundary line between said McFadden survey, owned by appellants, and the B. F. McLeroy and L. F. Seegar surveys, adjoining it on the west, owned by appellees. The court instructed the jury, if they found a certain line marked on a plat, made a part of his charge, to be "the true west boundary line of the McFadden survey" as it was on the ground, to find for appellants; otherwise, to find for appellees. The jury found for appellees. The court thereupon rendered a judgment that appellants take nothing by their suit.

The contention made on this appeal is that the evidence conclusively showed the boundary line to be where appellants claimed it to be. We do not think so. On the contrary, we are of the opinion that the testimony was wholly insufficient to show the location on the ground of the line between the surveys. The McFadden survey seems to have been the oldest of the three surveys. According to the calls in their respective field notes as patented, the east boundary lines of the McLeroy and Seegar surveys were identical their respective lengths with the west boundary line of the McFadden survey. The effort seems to have been to locate the disputed boundary line without reference to the position on the ground of the McFadden survey as shown by its field notes, by establishing the east boundary lines of the McLeroy and Seegar surveys by courses and distances called for in their field notes. This would be to ignore the fact that, while the position of the east line of the McLeroy and Seegar surveys might be controlled by the location of the McFadden west line, the position of the latter line could not be con-

trolled or in any manner affected by the location of the McLeroy and Seegar east lines. As the oldest of the surveys, the McFadden would take its position on the ground in conformity to calls in its own field notes, and not in conformity to calls in the field notes of junior adjacent surveys. No evidence was offered showing its position on the ground according to calls in its own field notes. We think appellants failed to discharge the burden resting on them to show the location of the line to be at the point on the ground where they claimed it to be, and therefore that they have no right to complain of the verdict and judgment.

The judgment is affirmed.